**UNITED STATES COURT OF INTERNATIONAL TRADE**
-------------------------------------------------------------------- X
**CYBER POWER SYSTEMS (USA) INC.**     :
     :
      **Plaintiff,**     :
     :
      *v.*     :     **No. 21-cv-00200**
     :
**THE UNITED STATES,**     :
     :
      **Defendant.**     :
-------------------------------------------------------------------- X

## COMPLAINT

Plaintiff Cyber Power Systems (USA) Inc. ("Cyber Power") by and through undersigned counsel for its Complaint against Defendant, the United States (the "Government"), does hereby state and allege as follows:

## CAUSE OF ACTION

1. Cyber Power brings this action to contest the denial of its 19 U.S.C. § 1514 protest against the classification, in liquidation, and assessment of duty on, certain entries of telecommunications cables.

## JURISDICTION

2. All liquidated duties, taxes, and fees were paid prior to the commencement of this action. The action is timely filed within 180 days from the date of protest denial. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1581(a).

## PARTIES

3. Cyber Power is the importer of record of the merchandise which is the subject of this action, and is the real party in interest.

4.  Defendant is the Federal defendant and is sued for actions taken by its agency United States

Customs and Border Protection ("Customs" or "CBP"), a component of the Department of

Homeland Security (DHS).

## STATEMENT OF FACTS

5.  At various dates, as reflected on the Summons in this action, plaintiff imported at the Port of

Minneapolis, Minnesota, telecommunications cables under the cover of various consumption

entries.

6.  There are seven subject telecommunication cables at issue in this action identified as follows:

CBL2BUL-004-BLK-CM;        CBL7PINBUL-010-CM;        CBL7PIN350BRL-003-BLK;

CBL7PINBUL-002-BLK-CM;        CBL7PINBUL-004-CM;        CBL7PINBUL-006-CM;

CBL7PINBUL-006-BLK-CM (the "Subject Merchandise").

7.  Cyber Power imported the Subject Merchandise under subheading 8544.42.2000, HTSUS,

which provides for:

| Heading/ Subheading | Article Description |
|---|---|
| 8544 | Insulated (including enameled or anodized) <u>wire</u>, <u>cable</u> (including coaxial cable) <u>and other insulated electric conductors, whether or not fitted with connectors</u>; optical fiber cables, made up of individually sheathed fibers, whether or not assembled with electric conductors or fitted with connectors: |
|  |     *        *        * |
|  | Other electric conductors, for a <u>voltage not exceeding 1,000 V</u>: |
| 8544.42 |    <u>Fitted with connectors</u>: |
|  |     *        *        * |
|  | Other |
|  |     *        *        * |
| 8544.42.2000 |    <u>Of a kind used for telecommunications</u> |

8.   The Subject Merchandise, being classifiable under subheading 8544.42.2000, HTSUS, is

ordinarily free of duty. However, at times relevant to this action, certain goods so classified

were subject to a retaliatory duty imposed pursuant to Section 301 of the Trade Act of 1974,

pursuant to temporary subheading 9903.88.03, HTSUS.

9.  Cyber Power paid Section 301 duties on the Subject Merchandise.

10. List 3 goods entered between September 24, 2018 and May 9, 2019 are dutiable at 10% *ad*

*valorem*. List 3 goods entered after May 10, 2019 are dutiable at 25% *ad valorem*. The Subject

Merchandise consists of eight (8) entries dutiable at 25% and two (2) entries dutiable at 10%.

11. The U.S. Trade Representative ("USTR") enacted exclusions under Chapter 99, HTSUS,

including exclusions for certain goods classifiable under subheading 8544.42.2000, HTSUS,

that meet the following language:

> Insulated electric conductors for a voltage not exceeding 1,000V, fitted with
> connectors of a kind used for telecommunications, each valued over $0.35 but
> not over $2. (described in statistical reporting number 8544.42.2000).

*See* Subheading 9903.88.33, HTSUS, Chapter 99 Additional U.S. Note 20 (ii) (62).

This Section 301 exclusion was set to expire on August 7, 2020, but was extended

through December 31, 2020. *See e.g.*, Subheading 9903.88.56, HTSUS. Chapter 99

Additional U.S. Note 20 (iii) (205).

12. The Subject seven (7) models of insulated electric conductors do not exceed 1,000 V, are fitted

with connectors of a kind used for telecommunications, and are priced between $0.37 and

$0.84 per unit.

13. Cyber Power entered the Subject Merchandise under subheading 8544.42.2000, HTSUS. CBP

liquidated these entries under subheading 8544.42.2000, HTSUS, but without application of

the above-referenced Section 301 exclusions.

14. Cyber Power timely protested the classification in liquidation of the entries on September 11, 2020, and presented information to CBP demonstrating that the Subject Merchandise, telecommunication cables, fell within the scope of the USTR Section 301 exclusion.

15. On February 6, 2021, CBP denied Plaintiffs protest because "Protestant did not substantiate that the cables are used for transmitting data, voice, or video and failed to show that the subject cables meet the definition of telecommunications." *See* Protest and Entries from the Port of Minneapolis, MN, ECF 9-1 at p. 2. Plaintiff provided CBP product catalogs with pages titled "telecommunication cables" that listed the Subject telecommunication cables therein.

## COUNT I

16. Paragraphs 1 through 15 are incorporated by reference and restated as though fully set out herein.

17. The Subject Merchandise—seven SKUS of telecommunication cables—in its condition as imported is classifiable under subheading 8544.42.2000, HTSUS.

18. The Subject Merchandise meets the requirements of the USTR Section 301 duty exclusions, in Subheading 9903.88.33, HTSUS, Chapter 99 Additional U.S. Note 20 (ii) (62), Subheading 9903.88.56, HTSUS. Chapter 99 Additional U.S. Note 20 (iii) (205), providing for:

> "Insulated electric conductors for a voltage not exceeding 1,000V, fitted with connectors of a kind used for telecommunications, each valued over $0.35 but not over $2 (described in statistical reporting number 8544.42.2000)."

19. The Subject seven (7) models at issue are insulated electric conductors which do not exceed 1,000 V; are fitted with connectors of a kind used for telecommunications; and are priced between $0.37 and $0.84 per unit. The Subject Merchandise is classifiable under the Section 301 exclusion. *See* in Subheading 9903.88.33, HTSUS, Chapter 99 Additional U.S. Note 20

(ii) (62), Subheading 9903.88.56, HTSUS. Chapter 99 Additional U.S. Note 20 (iii) (205),

HTSUS. They are used principally or exclusively for telecommunications.

20. CBP's denial of Plaintiff's protest was incorrect as a matter of law; accordingly, all excess

duties, plus interest as required by law, should be refunded to Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court grant judgment in its favor, and request that this Court:

i.    direct the Port Director of Minneapolis to reliquidate the Subject Merchandise under the Section 301 exclusions provided under subheadings 9903.88.33 and 9903.88.56, HTSUS;

ii.   Order that excess duties, plus interest as required by law, be refunded by Defendant to Plaintiff; and

iii.  provide such other and further relief as this Court may deem just.

Respectfully submitted,

/s/ John M. Peterson
John M. Peterson
Richard F. O'Neill
Patrick B. Klein
NEVILLE PETERSON LLP
*Counsel for Plaintiff*
One Exchange Plaza
55 Broadway, Suite 2602
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com

October 22, 2021

6