**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. CLARE R. KELLY, JUDGE**

```
-------------------------------------------------------------------- X
CYBER POWER SYSTEMS (USA) INC,                :
                                              :
              Plaintiff,                      :
                                              :
       v.                                     :          No. 21-cv-00200
                                              :
UNITED STATES,                                :
                                              :
              Defendant.                      :
-------------------------------------------------------------------- X
```

## <u>PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM</u>

NEVILLE PETERSON LLP
*Counsel for Plaintiff*


John M. Peterson
Richard F. O'Neill
Patrick B. Klein
One Exchange Plaza
55 Broadway, Suite 2602
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com


Dated:  April 5, 2022

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................... i

TABLE OF AUTHORITIES .............................................................................................. ii

BACKGROUND ...............................................................................................................1

ARGUMENT......................................................................................................................2

I.      Defendant's Counterclaim is Barred by the Finality of Liquidation Set Out in 19 U.S.C.
        § 1514(a). .............................................................................................................4

II.     Congress, in Conferring Counterclaim Jurisdiction on this Court Pursuant to 28 U.S.C.
        §1583, did not Create a Cause of Action in Favor of the Government. .............................9

CONCLUSION……………………………………………………………………….…12

# TABLE OF AUTHORITIES

**Cases**

*3V Inc. v. United States*, 23 C.I.T. 1047 (1999)...................................................................... 8

*Apple Inc. v. United States*, 375 F. Supp. 3d 1288 (Ct. Int'l Tr. 2019) ............................... 8

*Chamberlain Group Inc. v. Skylink Techs. Inc.*, 381 F.3d 1178 (Fed. Cir. 2004) ............... 9

*Fletcher v. United States*, 25 C.C.P.A. 195 (1937)................................................................ 8

*Gray Tool Co. v. United States*, 6 C.I.T. 333 (1983) ............................................................ 7

*Hernandez v. Mesa*, 140 S. Ct. 735 (2020)........................................................................... 9

*J. M. Huber Corp. v. United States*, 27 Fed. Cl. 659 (1993). ............................................. 10

*Jesner v. Arab Bank PLC*, 138 S. Ct. 1386, (2018). .............................................................. 9

*McEachern v. Rose*, 302 U.S. 56 (1937)................................................................................ 3

*Shoshone Indian Tribe v. United States*, 364 F.3d 1339 (Fed. Cir. 2004)............................ 9

*Smith v. United States*, 373 F.2d 419 (4th Cir. 1966) ..................................................... 3, 12

*Sosa v. Alvarez-Machain*, 542 U.S. 692, 747 (2004)........................................................... 11

*United States v. Esso Standard Oil Co.*, 42 C.C.P.A. 144 (1955) ...................................... 10

*W.A. Fenton & Co. v. United States*, 55 C.C.P.A. 54 (1968) ............................................. 10

*Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). ............................................................................. 9

**Statutes**

19 U.S.C. § 1484 .................................................................................................................... 4

19 U.S.C. § 1500 .............................................................................................................. 5, 10

19 U.S.C. § 1501 .......................................................................................................... 5, 8, 10

19 U.S.C. § 1514 ............................................................................................................ passim

19 U.S.C. § 1515 .............................................................................................................. 8, 10

19 U.S.C. § 1592 .............................................................................................................. 7, 10

19 U.S.C. § 1504 .................................................................................................................... 5

19 U.S.C. § 2411 .................................................................................................................... 2

28 U.S.C. § 2639 .................................................................................................................... 5

28 U.S.C. § 1581 .............................................................................................................. 8, 10

28 U.S.C. § 2640 .................................................................................................................... 9

28 U.S.C. § 1583 .............................................................................................................. 3, 4, 9

**Other Authorities**

H.R. Rep. No. 96-1235 at 36 (1980).................................................................................... 9

Nicola Preston, *The Interpretation of Taxing Statutes: The English Perspective*, 7 Akron
   Tax J. 43 (1990)................................................................................................................ 3

USCIT R. 13 ......................................................................................................................... 3

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. CLARE R. KELLY, JUDGE
---------------------------------------------------------------------- X
CYBER POWER SYSTEMS (USA) INC,                            :
                                                          :
                    Plaintiff,                            :
                                                          :
          *v.*                                            :        No. 21-cv-00200
                                                          :
UNITED STATES,                                            :
                                                          :
                    Defendant.                            :
---------------------------------------------------------------------- X

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

In accordance with Rules 7 and 12 of the Rules of the United States Court of International Trade ("USCIT R."), plaintiff Cyber Power Systems (USA), Inc. ("Cyber Power") submits this reply in support of its *Motion to Dismiss* the counterclaim pleaded by defendant United States in this case. As discussed herein, defendant has pointed to no statute or other authority granting it a cause of action to assert a claim to collect duties *in excess* of those assessed in final liquidation of plaintiff's entries. Rather, defendant has made the classic mistake of assuming that a grant of subject matter jurisdiction to this Court imbues it with a new, hitherto unknown, cause of action. As indicated herein, and in our initial Motion to Dismiss, it does not. Revenue law is statutory, and defendant must point to a statute which specifically empowers it to make the assessment embodied in its counterclaim.

## BACKGROUND

United States Customs and Border Protection ("CBP or Customs") liquidated certain entries of plaintiff's Chinese-origin telecommunications cables under subheading 8544.42.20, Harmonized Tariff Schedule of the United States ("HTSUS") a provision covering cables "of a kind used in telecommunications[.]" Goods so classifiable were, at the relevant times of entry, free

from regular duties, but subject to a 25% *ad valorem* retaliatory tariff imposed under Section 301 of the *Trade Act of 1974*, 19 U.S.C. § 2411. Plaintiff did not protest the classification of its goods under subheading 8442.42.20, HTSUS but protested CBP's failure to apply a secondary classification pursuant to temporary subheading 9903.88.33, HTSUS which exempted certain telecommunications cables from the Section 301 assessment.

After CBP denied its protest, plaintiff timely commenced this action challenging CBP's refusal to apply the secondary classification under temporary subheading 9903.88.33, HTSUS.

CBP filed an Answer to plaintiff's Complaint, denying that the goods were subject to secondary classification under subheading 9903.88.33, HTSUS.  With its Answer, CBP filed a counterclaim, asserting that its classification of the cables in liquidation under subheading 8544.42.20, HTSUS – a decision which Cyber Power had **not** protested -- was erroneous, and that the cables should instead be classified as other than of a kind used for telecommunications under subheading 8544.42.90, HTSUS.  CBP seeks recovery of an additional 2.6% *ad valorem* in duties, over and above those assessed at liquidation.[1]

## ARGUMENT

Plaintiff's *Motion to Dismiss* the counterclaim makes a single, simple request of the government– "Please identify the statute(s) which grant the government a cause of action to assert a counterclaim in this action." The government's response to the Motion to Dismiss, ECF 25 ("Def.'s Brief"), fails to do this.

---

[1] Cyber Power did not seek application of temporary subheading 9903.88.33, HTSUS to all of the cables in the protested entries. CBP now makes clear that its counterclaim is meant to cover only those models of cables for which plaintiff sought secondary classification under subheading 9903.88.33, HTSUS. *See* Def.'s Brief at p.15, n.6.

Instead, the government asserts that (1) since this Court has jurisdiction over counterclaims pursuant to 28 U.S.C. § 1583, that grant *must* have created some cause of action for the government, and (2) the enactment  28 U.S.C. § 1583 somehow altered the "finality of liquidation" set forth in 19 U.S.C. § 1514(a). Neither proposition is sound.

A counterclaim is merely a procedural device whereby a party having a cause of action may prosecute it. The Federal Rules of Civil Procedure ("FRCP") distinguish between "compulsory" counterclaims arising out of the same facts or occurrences as the main action, FRCP 13(a), and between "permissive" counterclaims arising out of different transactions, FRCP 13(b). Rule 13 of this Court's rules does not contain a similar distinction, since this Court's counterclaim jurisdiction is essentially limited to "compulsory" type counterclaims.

> "In any civil action in the Court of International Trade, the court shall have exclusive jurisdiction to render judgment upon any counterclaim, cross-claim, or third-party action of any party, if (1) such claim or action **involves the imported merchandise that is the subject matter of such civil action**, or (2) such claim or action is to recover upon a bond or customs duties **relating to such merchandise**"

USCIT R. 13 (emphasis added). In this case, the government asserts a counterclaim arising out of plaintiff's filing of a protest, and the filing in this Court of an action to challenge the denial of that protest.

Revenue law is entirely a creature of statute[2]. Presumably, then, the government's counterclaim arises out of the law providing for the liquidation of Customs entries, the protest of such liquidations, and actions in this Court challenging CBP's denial of protests.  However, a

---

[2] Under the English common law, it was widely recognized that there is "no taxation without legislation". *See* Nicola Preston, *The Interpretation of Taxing Statutes: The English Perspective*, 7 Akron Tax J. 43 (1990).

In the United States, the Courts have recognized the legislative policy barring claims for and against the government in tax matters by statutes of limitations. *See, e.g., Smith v. United States*, 373 F.2d 419, 422 (4th Cir. 1966), citing *McEachern v. Rose*, 302 U.S. 56 (1937).

review of these statutes does not indicate creation of a cause of action allowing the government to assess duties in a greater amount than determined at liquidation – quite the opposite, they indicate that such a claim is **barred.**  Absent some citation by the government to a *statute* empowering it to demand and recover duties in excess of those assessed upon liquidation or reliquidation, its counterclaim must be dismissed.

While this court has subject matter jurisdiction to entertain certain counterclaims, 28 U.S.C. § 1583, that grant of jurisdiction does not create a cause of action in favor of the government to assess duties in excess of liquidated final amounts. Plaintiff's *Motion to Dismiss* the counterclaim challenged CBP to identify the statute conferring upon it a cause of action against plaintiff. CBP has failed to do so, instead arguing limply that the grant of counterclaim jurisdiction to this Court must somehow imbue it with a cause of action to recover by counterclaim amounts in excess of liquidated and final assessments.

Because CBP does not have a cause of action to seek additional duties due to the "finality of liquidation provision" set out in 19 U.S.C. § 1514(a), plaintiff's motion must be granted and the counterclaim dismissed.

## I.    Defendant's Counterclaim is Barred by the Finality of Liquidation Set Out in 19 U.S.C. § 1514(a).

As noted in plaintiff's Motion to Dismiss, the Tariff Act of 1930 sets out a precise statutory scheme for the assessment of duties on entries and challenges to such assessments. This scheme has existed, in substantially its current form, long before the Customs Courts Act of 1980 granted this court counterclaim jurisdiction.

Section 484 of the Tariff Act, 19 U.S.C. § 1484,  requires that an importer, exercising reasonable care, file an entry with CBP when it imports goods, describing the goods and asserting

a classification, appraised value, and country of origin for same. Section 500 of the Act, 19 U.S.C. § 1500, provides that the appropriate Customs officer is to review the entry, make a final determination concerning the classification, appraisement, and rate and amount of duties due, and "liquidate" the entry. "Liquidation" constitutes CBP's final determination regarding the assessment of duties on the entry, and carries a statutory presumption of correctness. *See* 28 U.S.C. § 2639(a)(1). Section 504(a) of the Act, 19 U.S.C. § 1504(a),directs Customs to liquidate entries no later than one year from the date of entry (else they are "deemed liquidated" as entered), but Section 504(b) allows CBP to extend the liquidation period for up to three (3) additional years, if "(1) the information needed for the proper appraisement or classification of the imported or withdrawn merchandise … or for ensuring compliance with applicable law, is not available to the Customs Service; or (2) the importer of record or drawback claimant, as the case may be, requests such extension and shows good cause therefor." 19 U.S.C. § 1504(b).

Section 501 of the Tariff Act, 19 U.S.C. § 1501, allows CBP to voluntarily "reliquidate" an entry (either to increase or decrease the amount of duties determined at liquidation), but is strictly time-delimited:

**Sec. 1501. Voluntary reliquidations by Customs Service**

A liquidation made in accordance with section 1500 or 1504 of this title or any reliquidation thereof made in accordance with this section may be reliquidated in any respect by the Customs Service, notwithstanding the filing of a protest, within ninety days from the date on which notice of the original liquidation is given or transmitted to the importer, his consignee or agent. Notice of such reliquidation shall be given or transmitted in the manner prescribed with respect to original liquidations under section 1500(e) of this title.

19 U.S.C. § 1501 (emphasis added). Once more than 90 days have elapsed from the liquidation or reliquidation of an entry, however, CBP is barred by statute from changing its liquidation/reliquidation decision.

In its response, CBP claims that it is not bound by the "finality of liquidation" rule set out in Section 514(a) of the Tariff Act. But that statute admits of only two (2) exceptions to the finality of liquidation, and neither permit the government to increase a duty assessment (or ask a Court to do so). Section 514(a) provides:

**(a) Finality of decisions; return of papers**

Except as provided in subsection (b) of this section, section 1501 of this title (relating to voluntary reliquidations), section 1516 of this title (relating to petitions by domestic interested parties), section 1520 of this title (relating to refunds), and section 6501 of title 26 (but only with respect to taxes imposed under chapters 51 and 52 of such title), any clerical error, mistake of fact, or other inadvertence, whether or not resulting from or contained in an electronic transmission, **adverse to the importer**, in any entry, liquidation, or reliquidation, and, decisions of the Customs Service, including the legality of all orders and findings entering into the same, as to—

(1) the appraised value of merchandise;

(2) the classification and rate and amount of duties chargeable;

(3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;

(4) the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any provision of the customs laws, except a determination appealable under section 1337 of this title;

(5) the liquidation or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modification thereof, including the liquidation of an entry, pursuant to either section 1500 of this title or section 1504 of this title;

(6) the refusal to pay a claim for drawback; or

(7) the refusal to reliquidate an entry under subsection (d) of section 1520 of this title;

shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade in accordance with chapter 169 of

title 28 within the time prescribed by section 2636 of that title. When a judgment or order of the United States Court of International Trade has become final, the papers transmitted shall be returned, together with a copy of the judgment or order to the Customs Service, which shall take action accordingly.

19 U.S.C. § 1514(a) (emphasis added).

The first thing to note about Section 514(a) is that it provides a vehicle only for correcting those determinations which are "adverse to the importer". **It is not intended in any way, shape or form as a vehicle for rectifying actions which are adverse to CBP.**[3]

Second, the finality of liquidation imposed by Section 514(a) may not be stopped by CBP, but may only be stopped by the filing of a protest by the importer or other authorized private party. The filing of the protest only curtails finality of liquidation as to the category or categories of enumerated decision that is protested. *Gray Tool Co. v. United States*, 6 C.I.T. 333, 334 (1983). This further indicates that Section 514(a) is not intended as a vehicle for the government to change liquidations that are otherwise final, much less to reliquidate entries to assess more duties than were determined in liquidation.

The government argues that where an importer takes one of the actions under 19 U.S.C. § 1514(a) which prevent liquidation from becoming otherwise "final and conclusive upon all persons (including the United States and any officer thereof)", the government is somehow fully liberated from the finality of liquidation and is free to take any other action respecting the liquidated entry that it wishes. This position runs flatly contrary to the statutory scheme.

The importer's filing of a protest under 19 U.S.C. § 1514(a) triggers an obligation by CBP officers to consider that protest and make a decision thereon. However, the nature of the decision

---

[3] Section 592(d) of the Tariff Act of 1930, as amended 19 U.S.C. § 1592(d), provides a vehicle for the government to recover duties in excess of those assessed at liquidation, but only if the importer made entry culpably by means of false statements or acts. Defendant concedes its proposed counterclaim is not grounded in Section 592(d). *See* Def.'s Brief at 10

to be made is specified in Section 515(a) of the Tariff Act, 19 U.S.C. § 1515(a), which requires that CBP review the protest and "allow or deny such protest in whole or in part". *Id.* The statute further provides that "[t]hereafter, any duties, charge, or exaction found to have been assessed or collected in excess shall be remitted or refunded[.]" *Id.* The protest statute does not liberate CBP from the finality of liquidation in a manner which would allow CBP to set aside the liquidation to make an additional assessment or collect it, in cases where the 19 U.S.C. § 1501 reliquidation period has expired.

Similarly, the second exception to finality of liquidation – the filing of an action in this Court to contest the denial of an importer's protest – does not authorize or empower the government to seek additional duties. An importer's action to contest denial of a protest, over which this Court has jurisdiction under 28 U.S.C. § 1581(a) is one limited to determining whether the importer should receive a refunds of duties paid. *See e.g., 3V Inc. v. United States*, 23 C.I.T. 1047, 1049-52 (1999); *see also Apple Inc. v. United States*, 375 F. Supp. 3d 1288, 1298 f.n. 11 (Ct. Int'l Tr. 2019), aff'd, 964 F.3d 1087 (Fed Cir. 2020). And it is amply well-established that a protest may not contest a rate of duty as being too low. *See, e.g*., *Fletcher v. United States*, 25 C.C.P.A. 195, 201 (1937).

Simply put, the government has not shown that its counterclaim cause of action arises in any way from 19 U.S.C. § 1514(a) or the exceptions to finality of liquidation shown therein.

II.    **Congress, in Conferring Counterclaim Jurisdiction on this Court Pursuant to 28 U.S.C. §1583, did not Create a Cause of Action in Favor of the Government.**

Defendant next appears to assume that, in conferring limited counterclaim jurisdiction on this Court in 28 U.S.C. § 1583, Congress intended to create an implied cause of action to allow the government to bring suit, via counterclaim, to assess duties in excess of those imposed at liquidation.

As previously indicated, the Supreme Court has repeatedly and recently cautioned against inferring a cause of action from a grant of jurisdiction to a court. *See Hernandez v. Mesa*, 140 S. Ct. 735, 742 (2020); *Jesner v. Arab Bank PLC*, 138 S. Ct. 1386, 1402 (2018). For a court to imply a cause of action not expressly created by the Congress raises grave separation of powers issues. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017).

That this Court decides tariff classification issues *de novo*, *see* 28 U.S.C. § 2640(a)(1), is irrelevant to the question of whether the government has a cause of action to demand duties greater than assessed upon liquidation.  While some in Congress may have believed that conferring counterclaim jurisdiction on this Court provided a basis for the government to assert a claim that would allow the Court to impose more duties than were assessed at liquidation, *see* Def. Br. at 12; *See* H.R. Rep. No. 96-1235 at 36 (1980), Congress in fact did nothing to change the finality of liquidation in 19 U.S.C. § 1514(a), which bars the current counterclaim, nor to expand the exceptions to finality of liquidation contained in that statute. It is axiomatic that Congress' intent must first be discerned by examining the language of the statute itself. *See, e.g., Shoshone Indian Tribe v. United States*, 364 F.3d 1339, 1345-1346 (Fed. Cir. 2004) (where the language of the statute is plain on its fact, it is inappropriate to turn to legislative history. *See also Chamberlain Group Inc. v. Skylink Techs. Inc.*, 381 F.3d 1178, 1192 (Fed. Cir. 2004); *W.A. Fenton & Co. v.*

*United States*, 55 C.C.P.A. 54, 58 (1968); *United States v. Esso Standard Oil Co.*, 42 C.C.P.A. 144, 151 (1955). Taxation matters – including the assessment of Customs duties – are creatures of statute, and statutes relating to taxation must be interpreted to give effect to their plainest reasonable meaning. *J. M. Huber Corp. v. United States*, 27 Fed. Cl. 659, 664 (1993).

The government's argument is inconsistent with clear statutory direction, as set out in 19 U.S.C. §§ 1500, 1501, 1514 and 1515, discussed *supra*. Moreover, it overlooks the fact that Congress has expressly provided only a single exception which would allow the government to collect more duties than assessed in liquidation, in Section 592(d) of the Tariff Act of 1930, as amended 19 U.S.C. §1592(d):

> "*Notwithstanding section 1514 of this title*, if the United States has been deprived of lawful duties, taxes, or fees as a result of a violation of subsection (a) of this section, the Customs Service shall require that such lawful duties, taxes, and fees be restored, whether or not a monetary penalty is assessed[.]"

19 U.S.C. § 1592(d) (emphasis added). Plaintiff has no doubt that, in an action commenced under 19 U.S.C. § 1515 and 28 U.S.C. §1581(a), the government could assert, as a counterclaim, a demand for additional duties as authorized by 19 U.S.C. §1592(a).   But the government has expressly disclaimed that its counterclaim in this action is grounded in §1592(a). *See* Def.'s Br. at 10.

A recent Supreme Court decisions counsels strongly against inferior courts inferring causes of action from grants of subject matter jurisdiction. Thus:

> To be sure, today's opinion does not itself precipitate a direct confrontation with Congress by creating a cause of action that Congress has not. But it invites precisely that action by the lower courts, even while recognizing (1) that **Congress understood the difference between granting jurisdiction and creating a federal cause of action** in 1789, *ante*, [Sosa v. Alvarez-Machain], 159 L. Ed. 2d, at 741-742, (2) that Congress understands that difference today, *ante*, at 728, 159 L. Ed. 2d, at 751, and (3) that the ATS [Alien Tort Statute] itself supplies only jurisdiction, *ante*, at 724, 159 L. Ed. 2d, at 748. In holding open the possibility that judges may create rights where Congress has not authorized them to do so, the

Court countenances judicial occupation of a domain that belongs to the people's representatives. One does not need a crystal ball to predict that this occupation will not be long in coming, since the Court endorses the reasoning of "many of the courts and judges who faced the issue before it reached this Court," including the Second and Ninth Circuits. *Ante*, at 732, 159 L. Ed. 2d, at 753

*Sosa v. Alvarez-Machain*, 542 U.S. 692, 747 (2004).

Finally, the government has wisely declined to step on the Constitutional "third rail" of claiming that its counterclaim cause of action arises out of plaintiff's decision to file an action contesting the denial of its protest.  Yet that third rail remains in place. If the government's assertion is that plaintiff's filing of this action imbues defendant with a cause of action – not previously existing – to assert a counterclaim – it creates grave questions regarding denial of equal protection of the laws to those who dare to exercise their right to seek judicial review of a "taking" of property.

## **CONCLUSION**

As noted above, revenue law is a pure creature of statute. While defendant has failed to offer a statutory basis for the counterclaim it seeks to assert here, American legislative policy barring revenue claims for and against the government by statutes of limitation is well-enshrined. *Smith v. United States*, 373 F.2d 419, 422 (4th Cir. 1966). Here, 19 U.S.C. §1514(a) is a statute of limitation which bars the claim CBP seeks to assert by way of counterclaim.

For the foregoing reasons, Plaintiff respectfully asks that the Court grant its motion to dismiss the Government's counterclaim.

Respectfully submitted,

NEVILLE PETERSON LLP


/s/ John M. Peterson
John M. Peterson
Richard F. O'Neill
Patrick B. Klein
One Exchange Plaza
55 Broadway, Suite 2602
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com

Dated:  April 5, 2022

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. CLARE R. KELLY, JUDGE**
-------------------------------------------------------------------- X
CYBER POWER SYSTEMS (USA) INC,                    :
                                                  :
         **Plaintiff,**                           :
                                                  :
         *v.*                                    :       **No. 21-cv-00200**
                                                  :
UNITED STATES,                                    :
                                                  :
         **Defendant.**                           :
-------------------------------------------------------------------- X

## <u>CERTIFICATE OF COMPLIANCE</u>

       I, Patrick B. Klein, of Neville Peterson LLP, who is responsible for the instant Brief, relying

upon the word count feature of the word processing program used to prepare the Brief, certify that

it complies with the word count limitation under the Court's Standard Chambers Procedures and

contains 3,488 words.

                                    Respectfully submitted,

                                    /s/ Patrick B. Klein
                                    Patrick B. Klein